IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
FORT HOOD DIVISION

| | | |
|---|---|---|
| PARIS HUNTER, <br> *PLAINTIFF* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | |
| V. | | CIVIL ACTION NO. 1:22-CV-130 <br><br> JURY TRIAL DEMANDED |
| DEVONTE JOHNSON, <br> *DEFENDANT* | | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Paris Hunter files his Complaint against Defendant Devonte Johnson. Plaintiff respectfully shows the Court the following:

1. On February 18, 2020, Paris Hunter was shot and severely injured by Killeen Police Officer Devonte Johnson.

2. Plaintiff brings this action against Defendant Johnson for his use of excessive force.

3. For this civil rights violation, Plaintiff seeks redress and compensation for damages.

### PARTIES

4. Plaintiff Paris Hunter is an adult resident of the state of Texas.

5. Defendant Devonte Johnson was at all relevant times a police officer with the Killeen Police Department. He may be served through the Office of the City Attorney, 101 North College Street, Killeen, Texas 76541.

## JURISDICTION AND VENUE

6. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress a deprivation of his Fourth Amendment rights. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

7. Venue is proper in this Honorable Court because Defendant's constitutional violations, intentional torts, and otherwise violative conduct occurred within the Western District of Texas.

## THE SHOOTING OF PARIS HUNTER

8. Paris Hunter is 35 years old and a resident of Killeen, Texas.

9. On the night of February 18, 2020, Mr. Hunter was driving through Killeen with his 23-year-old cousin Alexandria Cleveland.

10. Mr. Hunter was pulled over by Defendant Killeen Police Officer Devonte Johnson for a minor routine traffic violation.

11. Defendant Johnson approached Mr. Hunter's driver side window and asked for his license which Mr. Hunter provided.

12. During the conversation, Defendant Johnson ordered Mr. Hunter to place his hands on the steering wheel.

13. Mr. Hunter did so but voiced his concern, stating, "What is going on?"

14. As Mr. Hunter leaned forward and put his hands on the wheel, Defendant Johnson pulled his firearm and shot Mr. Hunter in his back.

15. Defendant Johnson would later claim in police reports that Mr. Hunter "lunged out of the vehicle" towards Johnson.

16. However, this claim is refuted by the medical evidence.

17. The medical evidence places it beyond dispute that Mr. Hunter was turned away from Defendant Johnson when Johnson fired.

18. EMS reports and medical records from Baylor Scott & White Medical Center indicated that Mr. Hunter was shot in his back—specifically in his back left ribs.

19. As a result of the shooting, Mr. Hunter was rushed to the hospital where he underwent emergency surgery.

20. A thoracotomy was performed, along with a repair of posterior cardiac muscle, repair of the coronary artery, repair of a left lower lung, and repair of diaphragm.

21. A chest tube was inserted to keep Mr. Hunter alive.

22. He was hospitalized from February 18, 2020, through February 27, 2020, while recovering from his injuries.

23. On March 3, 2020, Mr. Hunter was rushed back to the hospital after he began vomiting blood and complained of intense abdominal pain.

24. Upon his readmission to the hospital, it was noted Mr. Hunter was tachypneic with a near total loss of lung sound on his left side and extremely elevated blood pressure.

25. He remained hospitalized for an additional four days.

26.     As a result of the shooting, Mr. Hunter has lasting damage to his lungs and heart which limit his ability to function and may negatively impact his life expectancy.

### COUNT I: FOURTH AMENDMENT VIOLATION
### AGAINST DEFENDANT JOHNSON

27.     Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

28.     Plaintiff would show that Defendant Johnson failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant Johnson, without justification and the need to do so, shot Paris Hunter in the back causing severe and permanent injuries.

29.     Defendant Johnson's excessive and potentially deadly force was not objectively reasonable or justified, nor was it necessary under the circumstances.

30.     Plaintiff would show that Defendant Johnson denied Paris Hunter of his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

31.     Defendant Johnson embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, caused Mr. Hunter to suffer extreme and severe physical pain, mental and emotional distress, anxiety, terror, and agony.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant Johnson, pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages,

including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

Respectfully submitted,

/s/ JOHN J. COYLE

**MCELDREW YOUNG PURTELL MERRITT**

John J. Coyle, Esq.
123 South Broad Street
Suite 2250
Philadelphia, Penn. 19109
215-545-8800
jcoyle@mceldrewyoung.com

S. Lee Merritt, Esq
1910 Pacific Avenue
Suite 8000
Dallas, Texas 75201
215-545-8800
lee@leemerrittesq.com

*Pro Hac Vice Petitions Forthcoming*

**AMINI & CONANT, LLP**
408 West 11th Street, Fifth Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com

R. Alex Conant
Texas Bar No. 24074061
alex@aminiconant.com
*Local Counsel*